THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:03-cr-00083-MR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| GREGORY DANIELS, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Relief Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) – Compassionate Release Due to Extraordinary/Compelling Circumstances" [Doc. 46].

**I. BACKGROUND**

In April 2005, the Defendant Gregory Daniels was convicted of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). He was sentenced to a total of 246 months' imprisonment.[1] [Doc. 20]. According to the Bureau of Prisons website, his projected release date is December 12, 2032.[2]

---

[1] The Defendant's sentence was subsequently reduced in 2017 to a term of 240 months' imprisonment. [Doc. 32].

[2] See https://www.bop.gov/inmateloc/ (last visited July 9, 2020).

The Defendant now seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 46]. Specifically, the Defendant argues that his underlying health conditions place him at a higher risk for severe illness from COVID-19, and that his particular vulnerability to the illness is an extraordinary and compelling reason for an immediate sentence reduction to time served. [Id.].

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Defendant asserts in his motion that he submitted a request for compassionate release to the warden of FCI Edgefield, but that the warden failed to respond within thirty (30) days of his request. [Doc. 46 at 6]. As the Defendant appears to have exhausted his administrative remedies, the Court will proceed to address the merits of his motion.

As is relevant here, the Court may reduce a defendant's sentence under § 3582(c)(1)(A)(i) "extraordinary and compelling reasons" if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Sentencing Guidelines § 1B1.13 is the Sentencing Commission's policy statement applicable to compassionate release reductions.[3] See U.S.S.G. § 1B1.13. As is pertinent here, this policy statement provides that the Court may reduce a term of imprisonment after considering the § 3553(a) factors if the Court finds that (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);"

---

[3] The policy statement refers only to motions filed by the BOP Director. That is because this policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not permitted to file motions under § 3582(c). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239. In light of the statutory requirement that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the Court concludes that the policy statement applies to motions filed by defendants under § 3582(c)(1)(A) as well.

and (3) "[t]he reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The application note to § 1B1.13 specifies the types of circumstances that qualify as "extraordinary and compelling reasons." As is pertinent here, a defendant's medical condition can qualify as a basis for relief if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia," U.S.S.G. § 1B1.13, cmt. n.1(A)(i). The defendant's medical condition can also qualify as an extraordinary and compelling reason if the defendant is:

> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

Here, the Defendant asserts that his underlying health conditions—namely, high blood pressure, "being close to being diabet[ic]," and chronic

4

kidney disease—place him at a higher risk for severe illness resulting from COVID-19. The medical conditions identified by the Defendant, however, do not constitute an extraordinary and compelling reason to reduce the Defendant's sentence. While the Court does not intend to diminish the seriousness of the Defendant's medical conditions, the Defendant has failed to establish that these conditions are not well-controlled by his current medical treatment. Further, the Defendant has not shown that any of these conditions are terminal or substantially diminish his ability to provide self-care while in prison.

Finally, the mere fact that the Defendant faces a potential risk of contracting COVID-19 is not sufficient to justify his release. As the Court of Appeals for the Third Circuit recently noted, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).[4]

---

[4] See generally Federal Bureau of Prisons, COVID-19 Action Plan (Mar. 13, 2020, 3:09 PM), https://www.bop.gov/resources/news/20200313_covid19.jsp.

5

Case 1:03-cr-00083-MR   Document 47   Filed 07/13/20   Page 5 of 7

This is especially true where, as here, the Defendant is housed at a facility that to date has no confirmed cases among its inmate population.[5]

For all these reasons, the Court concludes that the Defendant has failed to establish an "extraordinary and compelling reason" for a sentence reduction under § 3582(c)(A)(1)(i).

Even if the Defendant could establish an extraordinary and compelling reason for his release, the Court would still deny the Defendant's motion because it appears that the Defendant would continue to pose a danger to public safety if released. Under the applicable policy statement, the Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(2). Additionally, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

Here, the Defendant has a significant criminal history. At the time of his conviction in 2005, he had amassed 38 criminal history points, almost three times the amount of points necessary to achieve criminal history

---

[5] See https://www.bop.gov/coronavirus (last visited July 9, 2020) (noting 9 positive confirmed cases among Edgefield staff).

category VI.  The Defendant had a steady stream of criminal convictions starting 1983 at the age of 16 and continuing throughout his adult life, interrupted only by those periods of time that he spent in prison.  Considering the circumstances, the Court concludes that a reduction of the Defendant's sentence to time served would not reflect the seriousness of the Defendant's offense, would not promote respect for the law, would not provide just punishment, would not afford adequate deterrence, and would not protect the public from the Defendant's further crimes.

For all these reasons, the Defendant's motion for a sentence reduction is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Relief Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) – Compassionate Release Due to Extraordinary/Compelling Circumstances" [Doc. 46] is **DENIED**.

Signed: July 13, 2020

**IT IS SO ORDERED.**

Martin Reidinger
Chief United States District Judge