THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:03-cr-00083-MR

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | <u>O R D E R</u> |
| | ) | |
| GREGORY DANIELS, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion to Reconsider Pursuant to 18 U.S.C. 3582(c)(1)(A)(i)." [Doc. 54].

**I.    BACKGROUND**

In April 2005, the Defendant Gregory Daniels was convicted of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).  He was sentenced to a term of 246 months' imprisonment.[1]  [Doc. 27].  The Defendant is currently housed at FCI Edgefield, with a projected release date of December 12, 2032.[2]

---

[1] The Defendant's sentence was subsequently reduced in 2017 to a term of 240 months' imprisonment.  [Doc. 32].

[2] See https://www.bop.gov/inmateloc/ (last visited Jan. 21, 2022).  The Defendant served a consecutive state sentence before beginning to serve his federal sentence.  He currently has served only half of his federal sentence. [Doc. 54 at 1].

In July 2020, the Defendant moved for a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 46]. For grounds, the Defendant cited his increased susceptibility to serious illness or death from COVID-19 as a result of a number of chronic health conditions. [Id.]. On July 13, 2020, the Court denied the Defendant's motion, finding that the Defendant's health conditions, although serious, did not constitute extraordinary and compelling reasons for his early release. [Doc. 47]. Even if the Defendant had demonstrated extraordinary and compelling reasons, the Court concluded that consideration of the § 3553(a) factors favored his continued incarceration. [Id.].

The Defendant now returns to this Court, seeking reconsideration of the denial of his compassionate release request. [Doc. 54]. For grounds, he again cites his increased susceptibility to serious illness or death from COVID-19. [Id.]. He further cites his efforts at rehabilitation as grounds for release. [Id.].

## II.   DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling

2

reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, the Defendant appears to have exhausted the necessary administrative remedies, at least with respect to his original motion. [See Doc. 46 at 6]. Accordingly, the Court will proceed to address the merits of the Defendant's motion for reconsideration.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. Specifically, the application notes to this policy statement set forth the various circumstances under which the Court can determine that "extraordinary and compelling reasons

3

exist," including: the medical condition of the defendant, the age of the defendant, certain family circumstances, or other reasons. This policy statement, however, was adopted before the First Step Act, and the Sentencing Commission has not updated the policy statement to account for the fact that defendants are now permitted to file their own motions for compassionate release. In light of these circumstances, the Fourth Circuit Court of Appeals has held that § 1B1.13 is no longer an "applicable" policy statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exists to warrant a reduction in sentence. See United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"). Thus, this Court is "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." Id. at 284 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)). Nevertheless, the Court recognized, that the policy statement "remains helpful guidance even when motions are filed by defendants." Id. at 282 n.7.

Here, the Defendant argues that he has a number of chronic medical conditions—including hypertension, diabetes, and chronic kidney disease—

that place him at a significant risk of serious illness or death from COVID-19. While these conditions are undoubtedly serious, the medical records submitted by the Defendant indicate that these conditions are being monitored and treated with appropriate medication. [See Doc. 55]. Moreover, the Defendant does not assert in his motion that these conditions are uncontrolled or that they substantially diminish his ability to provide self-care while incarcerated.

With respect to the risks posed by the coronavirus, the Federal Bureau of Prisons ("BOP") has taken significant measures to protect the health of its inmates. See United States v. Johnson, No. 1:19-cr-00020-MR-WCM, 2020 WL 7646809, at *2-3 (W.D.N.C. Dec. 23, 2020) (Reidinger, C.J.). In addition to these measures, the BOP has undertaken to vaccinate both staff and inmates. Taken together, these measures are designed to mitigate sharply the risks of COVID-19 transmission in BOP institutions while allowing BOP to continue to fulfill its mandate of incarcerating those persons sentenced or detained based on judicial orders.

The medical records submitted by the Defendant do not indicate whether the Defendant has been fully vaccinated against the coronavirus. If the Defendant has been vaccinated, he has significant protection from

serious illness or death from the virus. According to the CDC, vaccine effectiveness studies indicate that the mRNA COVID-19 vaccines reduce the risk of serious illness or death among people who are fully vaccinated.[3] Moreover, the BOP has vaccinated approximately 75% of the inmates at FCI Edgefield,[4] which would offer the Defendant significant protection from the virus even if the Defendant had not yet been vaccinated.

While the Defendant still faces some risk of infection, the fact that the Defendant faces a slight risk of contracting the virus while incarcerated, without more, is not sufficient to justify the relief he requests. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."); see also United States v. Lemons, 15 F. 4th 747, 751 (6th Cir. Oct. 8, 2021) ("a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19

---

[3] See https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited Jan. 21, 2022).

[4] See https://www.bop.gov/coronavirus/ (last visited Jan. 21, 2022).

vaccine—does not present an "extraordinary and compelling reason" warranting a sentence reduction….[T]o the extent prisons do offer some unique challenges, the vaccine now significantly reduces the risks associated with COVID-19."). For these reasons, the Defendant's chronic health conditions do not constitute an extraordinary and compelling to justify his early release.

The Defendant further argues that while in prison, he "has worked extra hard on programs, education, incident reports, and work to change his ways and classification and recidivism." [Doc. 54 at 3; see also Doc. 55 at 14-18 (GED records); Doc. 55-1 at 9-16 (program certificates); Doc. 55-1 at 18-20 (Education Transcript)]. While the Defendant's efforts to improve himself are commendable, rehabilitation alone does not constitute sufficient grounds to justify a compassionate release. See 28 U.S.C. § 994(t).

Having considered all the facts and grounds put forward by the Defendant, the Court finds and concludes that, taken either singly or in combination, these facts and grounds fail to constitute extraordinary and compelling reasons for granting the Defendant compassionate release.

Even if the Defendant had demonstrated "extraordinary and compelling reasons" for his release, the Court still concludes, for the reasons stated in

its original Order [Doc. 47 at 6-7], that the § 3553(a) sentencing factors weigh in favor of his continued incarceration. For all these reasons, the Defendant's motion for reconsideration is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion to Reconsider Pursuant to 18 U.S.C. 3582(c)(1)(A)(i)" [Doc. 54] is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 26, 2022

Martin Reidinger
Chief United States District Judge