THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:03-cr-00083-MR

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| GREGORY DANIELS, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Reconsideration of July 27, 2022 Court Order" [Doc. 67].

## I. BACKGROUND

On October 6, 2003, the Defendant Gregory Daniels was charged in a Bill of Indictment with one count of possessing a firearm after having been convicted of felony, namely bank robbery, in violation of 18 U.S.C. § 922(g). [Doc. 2: Indictment]. The Defendant pled guilty to this offense without a plea agreement. [Doc. 42: Plea Hearing Tr. at 3, 6].

Prior to sentencing, a probation officer prepared a Presentence Investigation Report (PSR). [Doc. 61]. The Defendant's offense conduct was recounted in the PSR as the Defendant having possessed a firearm

when he shot into the bedroom of his former girlfriend after having threatened to kill her. In addition, he fled from the scene at speeds exceeding 125 miles per hour. [Id. at ¶¶ 8-9].

In the PSR, the probation officer calculated a base offense level of 24 under U.S.S.G. § 2K2.1, as the Defendant had two prior felony bank robbery convictions. [Id. at ¶ 19]. The probation officer further determined that the following adjustments applied: a four-level increase under U.S.S.G. § 2K2.1(b)(5), as the Defendant possessed the firearm in connection with another felony offense [id. at ¶ 20]; and a four-level increase under U.S.S.G. § 2K2.1(c)(1)(A), as the Defendant had discharged the firearm into an occupied dwelling containing one adult and two children and had previously threatened to do harm to the adult victim [id. at ¶ 21]. This would have yielded an offense level of 32, but a cross-reference was applied pursuant to U.S.S.G. § 2x1.1(a) based on the Defendant's having threatened to kill and having shot into the bedroom of the victim. This yielded an offense level of 33. [Id. at ¶ 22]. To that, a two-level enhancement was added for reckless endangerment during flight per U.S.S.G. § 3C1.2. [Id. at ¶ 25]. With these adjustments, the probation officer calculated an adjusted offense level of 35. [Id. at ¶ 36]. With a three-level reduction for acceptance of responsibility, the

Defendant's total offense level (TOL) was calculated to be 32. [Id. at ¶¶ 28, 29].

With respect to the Defendant's criminal history, the PSR reflects that the Defendant had a steady stream of criminal convictions starting in 1983 at the age of 16 and continuing throughout his adult life, interrupted only by those periods of time that he spent in prison. [Id. at ¶¶ 32-57]. The probation officer calculated a total of 37 criminal history points, almost three times the number of points necessary to achieve criminal history category (CHC) VI. [Id. at ¶ 58].

The probation officer further determined that, based on his prior conviction for possession with intent to sell/deliver cocaine and marijuana and his two prior convictions for bank robbery, the Defendant was an armed career criminal within the meaning of U.S.S.G. § 4B1.4. This determination, however, only resulted in an offense level of 34; as a result, the probation officer applied the higher offense level that was previously calculated (i.e. Level 35 before acceptance of responsibility). [Id. at ¶ 27]. Based on a TOL of 32 and a CHC of VI, the Guidelines range for imprisonment was calculated to be 210 to 262 months. [Id. at ¶ 106].

The Government moved the Court to upwardly depart from the applicable guideline range pursuant to U.S.S.G. §4A1.3(a), due to the inadequacy of Petitioner's criminal history category.[1] [Doc. 13]. At the sentencing hearing, the Court denied the Government's motion and sentenced the Defendant within the Guideline Range to a term of imprisonment of 246 months.[2] [Doc. 41 at 13, 21; Doc. 20: Judgment at 2]. The Defendant did not directly appeal his conviction or sentence. The Defendant is currently housed at FCI Edgefield, and his projected release date is December 12, 2032.[3]

In July 2020, the Defendant moved for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 46]. For grounds, the Defendant cited his increased susceptibility to serious illness or death from

---

[1] Section 4A1.3(a), then and now, allows for an upward departure where the defendant's criminal history category "substantially underrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes…." U.S.S.G. § 4A1.3(a). Where a defendant is already in the highest criminal history category, VI, the upward departure may consist of enhancing the offense level. U.S.S.G. § 4A1.3(a)(4)(B). The Defendant's extensive criminal history called for this sentence above the middle of the Guideline range, but not for an upward departure.

[2] The Defendant's sentence was subsequently reduced to 240 months pursuant to Rule 35 of the Federal Rules of Criminal Procedure. [Doc. 31: Order; Doc. 32: Amended Judgment].

[3] See https://www.bop.gov/inmateloc/ (last visited Oct. 3, 2022).

COVID-19 as a result of a number of chronic health conditions. [Id.]. On July 13, 2020, the Court denied the Defendant's motion, finding that the Defendant's health conditions, although serious, did not constitute extraordinary and compelling reasons for his early release. [Doc. 47]. The Court further concluded that even if the Defendant had demonstrated extraordinary and compelling reasons, consideration of the § 3553(a) factors favored his continued incarceration. [Id.]. The Defendant moved for reconsideration of this Order, again citing his risk of illness or death from COVID, as well as his efforts at rehabilitation. [Doc. 54]. On January 26, 2022, the Court denied the Defendant's motion for reconsideration. [Doc. 56].

The Defendant appealed the Court's January 26, 2022 Order. [Doc. 58]. While that appeal was pending, the Defendant filed another motion for a sentence reduction, citing the First Step Act of 2018 and other "extraordinary and compelling reasons." [Doc. 63; as supplemented by Doc. 64]. On July 27, 2022, the Court denied this motion on the ground that the Defendant's appeal of the January 26, 2022 Order was still pending and the Court was divested of jurisdiction. [Doc. 65].

On July 1, 2022, the Court of Appeals affirmed the Court's January 26, 2022 Order. [Doc. 66]. Thereafter, the Defendant filed the present motion for reconsideration of the Court's July 27, 2022 Order. [Doc. 67].

## II. DISCUSSION

At the outset, the Defendant takes issue with the Court's characterization of the Defendant's prior motion for a sentence reduction [Doc. 63] as one for compassionate release. [See Doc. 67 at 2 (noting that the "subject matter" of Document 63 was "totally different than his request pursuant to 18 U.S.C. 3582(c)(1)(A)")]. The Defendant contends that he was seeking a plenary resentencing and a sentence reduction under Section 404(a) of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018). [Doc. 67 at 2]. In his motion for reconsideration, he makes additional arguments in support of this request for relief. [Id. at 2-11]. However, in so doing, he couches these arguments in terms of "extraordinary and compelling" reasons for a sentence reduction under § 3582(c)(1)(A).

To the extent that the Defendant previously sought, and now again seeks, a reduction in sentence based upon Section 404(a) of the First Step Act of 2018, his request is baseless. Section 404 of the Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act

6

of 2010. Section 404(a) defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by Section 2 or 3 of the Fair Sentencing Act of 2010 . . ., that was committed before August 3, 2010." Sections 2 and 3 of the Fair Sentencing Act of 2010 increased the quantity of cocaine base required to trigger the enhanced penalties of 21 U.S.C. § 841 and eliminated the mandatory minimum for simple possession of cocaine base under 21 U.S.C. § 844(a). The Defendant pled guilty to and was convicted of the charge of possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). This offense involves a firearm, not cocaine base. Accordingly, the provisions of Section 404 of the First Step Act are simply not applicable to him.

The Defendant concedes that he was not convicted of a "covered offense" under Section 404(a) of the First Step Act. [Doc. 63 at 2]. Nevertheless, the Defendant appears to argue that he is entitled to relief *similar* to a Section 404(a) reduction because intervening changes in the law have greatly reduced his sentencing exposure. [Id.; Doc. 67 at 10]. These intervening changes in the law, he argues, constitute "extraordinary and compelling reasons" for a reduction of his sentence. [Id.].

7

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, the Defendant does not address whether he has exhausted the necessary remedies for his latest compassionate release request. Nevertheless, the Court will proceed to address the merits of the Defendant's motion.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions. See U.S.S.G. § 1B1.13. Specifically, the application

8

notes to this policy statement set forth the various circumstances under which the Court can determine that "extraordinary and compelling reasons exist," including: the medical condition of the defendant, the age of the defendant, certain family circumstances, or other reasons. This policy statement, however, was adopted before the First Step Act, and the Sentencing Commission has not updated the policy statement to account for the fact that defendants are now permitted to file their own motions for compassionate release. In light of these circumstances, the Fourth Circuit Court of Appeals has held that § 1B1.13 is no longer an "applicable" policy statement that constrains the discretion of the district courts in finding that "extraordinary and compelling reasons" exists to warrant a reduction in sentence. See United States v. McCoy, 981 F.3d 271, 282 (4th Cir. 2020) ("By its plain terms, . . . § 1B1.13 does not apply to defendant-filed motions under § 3582(c)(1)(A)"). Thus, this Court is "empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise." Id. at 284 (quoting United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)).

In his present Motion for Reconsideration, the Defendant appears to assert two legal grounds as "extraordinary and compelling" circumstances

justifying a reduction in his sentence. One ground advanced by the Defendant is the notion that in light of intervening changes in case law, his sentence would be greatly reduced if it had been imposed today. Specifically, he argues that he would no longer be considered a career offender. [Doc. 67 at 6, 7]. The Defendant, however, was not sentenced as a career offender. His Guidelines range was calculated upon the application of the cross reference under U.S.S.G. § 2x1.1, which required application of the base offense level from the guideline for the substantive offense—in this case, attempted first degree murder. This argument therefore is without merit.

The second legal ground that the Defendant advances is that his § 922(g)(1) conviction is unconstitutional in light of the Supreme Court's recent decision in <u>New York State Rifle & Pistol Association, Inc. v. Bruen</u>, 142 S. Ct. 2111 (2022). In <u>Bruen</u>, the Supreme Court held that a New York state law that prevented law-abiding citizens from possessing firearms in public for self-defense absent a showing of "proper cause" violated the Second Amendment. <u>Id.</u> at 2125-26. Nothing in the <u>Bruen</u> decision, however, casts doubt on "the longstanding prohibitions on the possession of firearms by felons." <u>See</u> <u>District of Columbia v. Heller</u>, 554 U.S. 570, 626-27 (2008);

McDonald v. City of Chicago, 561 U.S. 742, 786 (2010) (citing Heller). This ground, therefore, is also without merit.

The Defendant also reiterates his efforts at post-sentencing rehabilitation as a ground for compassionate release. The Court has already considered the Defendant's rehabilitation and denied compassionate release on that ground. [Doc. 56 at 7]. The Court of Appeals has affirmed that decision. [Doc. 66]. The Defendant offers no new arguments in this respect. Even if he could, however, rehabilitation alone does not provide sufficient grounds for a sentence modification. See 28 U.S.C. § 994(t).

In sum, the Court concludes that none of the circumstances cited, considered separately or in combination, constitute an extraordinary and compelling reason for a reduction in the Defendant's sentence.

Even if the Defendant had demonstrated "extraordinary and compelling reasons" for his release, the Court still concludes, for the reasons stated in its original Order [Doc. 47 at 6-7], that the § 3553(a) sentencing factors weigh in favor of his continued incarceration. For all these reasons, the Defendant's motion for reconsideration is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Reconsideration of July 27, 2022 Court Order" [Doc. 67] is **DENIED**.

11

**IT IS SO ORDERED.**

Signed: October 4, 2022

Martin Reidinger
Chief United States District Judge